UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Ioan Ciochendea,

                              Plaintiff,

                                **Hon. Hugh B. Scott**

                                09CV923A

               v.

                                **Order**

E. Pritchard, et al.

                            Defendants

_____

      On October 12, 2010, the defendants filed a motion to dismiss this action based upon a failure to prosecute (Docket No. 10). The Court directed that the plaintiff respond to the motion by January 7, 2011. (Docket No. 15). In that Order, the Court advised the plaintiff, in capital letters for emphasis, that the defendants sought to have the complaint dismissed as to all defendants and that "IF THE PLAINTIFF DOES NOT RESPOND, THE COMPLAINT MAY BE DISMISSED AS AGAINST THE DEFENDANTS BASED UPON A FAILURE TO PROSECUTE THIS ACTION". (Docket No. 15). The Court also attached a notice pursuant to <u>Irby v. New York City Transit Authority</u>, 262 F 3d 412 (2d Cr 2001), further explaining the plaintiff's obligation to respond to the motion. (Docket No. 15).

      The plaintiff had not responded to the motion, nor has he requested an extension of time to do so.

The determination of whether to dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is informed by five factors, including: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Shannon v. Gen. Elect. Co., 186 F.3d 186, 193 (2d Cir.1999); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996).

The Court has considered the above factors and determines that dismissal of the complaint in this case is warranted. Under the circumstances of this case, the plaintiff is deemed to have abandoned his claims in this matter. This case has been pending for over fifteen months, and refers to matters that occurred almost three years ago. (Docket No. 1). The plaintiff has taken no steps to prosecute his claim in this case. The plaintiff has not engaged in any discovery. As found in Wilson v. Perlman, 2009 WL 1851336 (N.D.N.Y.,2009) it is quite likely that memories of the events in question have faded, relevant documents have been discarded, and witnesses have been transferred or retired. See also Geordiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y.1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Further, since the plaintiff has moved to Romania he has not contacted the Court or provided any indication that he intends to continue to press his claims in this case. It appears that any attempt to fashion lesser sanctions would be futile. See also Evchich v. Sullivan, 2009 WL 349169 (W.D.N.Y.,2009); Decker v. Hogan, 2010

WL 3522522 (N.D.N.Y.,2010); Beeks v. Reilly, 2009 WL 2568531 (E.D.N.Y.,2009).

**Conclusion**

It is recommended that the motion to dismiss based upon a failure to prosecute is granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v.

Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 4, 2011